Olivari, Plaintiff and Respondent, v. Succession of Ramos, Defendant and Appellant.

### Appeal from the District Court of Ponce in an action for injunction.

No. 1046.—Decided February 13, 1914.

Appeal—Judgment—Decision.—An appeal should be dismissed when a copy of the judgment entered in the lower court is not included in the transcript of the record. Said omission cannot be supplied by the inclusion of a copy of the decision of the court ordering the secretary to enter judgment in accordance therewith.

Judgment.—Although the Code of Civil Procedure is silent regarding the form in which a judgment should be drawn, the best practice is that the judge sign the original judgment entered by the secretary in the judgment book.

The facts are stated in the opinion.

Mr. José G. Torres for respondent.

Mr. Juan B. Soto for appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

In the present case the defendants appealed from the judgment of the District Court of Ponce.

Having examined the transcript of the record, we find therein under the heading "Decision of the Court" a statement of the *findings of fact* and *conclusions of law* reached by the judge in considering the case, after which statement and in continuation thereof is the following:

"*Decision.*—On the merits of the findings of fact and conclusions of law the court holds that it should and does hereby sustain the complaint and decrees that the defendants uproot and remove the trees growing in the courtyard of the house described in the first finding of fact and refrain hereafter from planting any trees in the said courtyard, and pay the costs of this action. The secretary will enter a judgment in accordance with this decision. Done in open court this 25th day of April, 1913. A. F. Castro, District Judge."

It does not appear that the secretary entered any judg-

ment as ordered and in view of this we should examine and decide first whether the lack of a copy of the judgment prevents our considering the appeal or whether the copy of the decision above quoted is sufficient for that purpose.

Section 231 of the Code of Civil Procedure provides that the secretary must keep, with the records of the court, a book to be called the judgment book in which judgments must be entered, and section 233 orders that immediately after entering the judgment the secretary must attach together and file the papers which constitute the judgment roll, among which papers must be included a copy of the judgment.

From the said sections it is deduced that the original judgment duly attested must appear in the judgment book. A copy thereof, and not the original, is what forms a part of the judgment roll.

Our code contains no provision as to the form in which a judgment should be drawn up, but it must be understood that the decision rendered by a judge defining the rights of the parties in an action or proceeding should be stated in such a manner as to leave no doubt that it and no other is the exact expression of the intention of the trial judge.

The best practice, which seems to be followed usually in the courts of this Island, is that the judge sign the original judgment entered by the secretary in the judgment book— a practice which is in harmony with article 363 of the old Spanish Law of Civil Procedure which prescribes that the judge shall sign the judgment, the clerk or secretary of the court attesting its publication.

Now, Act No. 70, approved March 9, 1911, to amend sections 92, 123, 227 and 299 of the Code of Civil Procedure, provides in subdivision 6 of section 299 as amended that the record of an appeal shall consist of the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, and as according to section 233 of the said code, a copy of the judgment rendered shall form a part of the

judgment roll, if that copy is not included in the record one of the documents required by law for the consideration and decision of the appeal is lacking.

A copy of the judgment entered in the present case has not come up in the record. A copy of the decision of the court setting forth the terms in which the case should be decided and ordering the secretary to enter a judgment pursuant to that decision, has come up. Said decision, viewing its literal text, is not really a judgment, for the trial judge did not order that that be entered as the judgment, but that a judgment be entered in accordance with his decision.

Section 295 of the Code of Civil Procedure as amended by the Act of March 11, 1908, provides in section 1 that an appeal may be taken to the Supreme Court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment. As will be seen, in order that an appeal from a judgment may be entertained, the judgment must have been entered in the judgment book, and this entry is so much the more necessary in the present case because it would be proof of the existence of the judgment.

For the foregoing reasons and without entering into the merits of the case, the appeal should be dismissed in accordance with section 303 of the Code of Civil Procedure. The jurisprudence laid down by this court in the following cases is applicable to the case at bar: *Jiménez* v. *Olmedo,* 13 P. R. R., 296; *Hernández* v. *Hernández,* 19 P. R. R., 987; *López* v. *López,* 19 P. R. R., 990; *Allongo* v. *Belaval,* 19 P. R. R., 1022, and *Aponte* v. *Freiría et al.,* decided February 3, 1914.

*Appeal dismissed.*

Justices Wolf, del Toro and Aldrey concurred.